IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 98-00411 HG-02 |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| EDWARD SUA, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION
(ECF No. 424)**

Defendant Edward Sua has filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  A reduction of Defendant's sentence is warranted.  Defendant's MOTION FOR SENTENCE REDUCTION (ECF No. 424) is **GRANTED.**

**<u>PROCEDURAL HISTORY</u>**

On August 19, 1998, the grand jury returned the First Superseding Indictment charging Defendant Sua with:

**Count 1:**  conspiracy to possess, with intent to distribute, more than 100 grams of methamphetamine and more than 500 grams of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) and

841(b)(1)(B)(ii);

**Count 2:** attempting to possess, with intent to distribute, more than 100 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii)(II); and,

**Count 3:** attempting to possess, with intent to distribute, more than 500 grams of a mixture or substance containing cocaine, in violation fo 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii)(II).

(First Superseding Indictment, Ex. A, ECF No. 411).

On March 5, 1999, after a jury trial, Defendant was found guilty on all three counts in the First Superseding Indictment. (ECF No. 249).

On October 14, 1999, the Government filed a Motion for Upward Departure as to Defendant Sua. (ECF No. 293).

On February 7, 2000, Defendant Sua's sentencing hearing was held. (ECF No. 313). The Court denied the Government's Motion for Upward Departure. (Id.)

The Court sentenced Defendant Sua to 336 months imprisonment as to each Count 1, 2, and 3, all sentences to be served concurrently. (ECF No. 317).

On February 9, 2000, Defendant Sua filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (ECF No. 315).

On October 9, 2002, the Ninth Circuit Court of Appeals

issued an opinion affirming Defendant Sua's conviction and sentence. (ECF No. 387).

On March 13, 2013, Defendant Sua, proceeding pro se, filed with the District Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 406).

On July 24, 2013, the District Court issued an Order Denying Defendant Edward Sua's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 413).

On August 19, 2013, Defendant filed with the Ninth Circuit Court of Appeals an appeal of the Order Denying his 2255 Motion. (ECF No. 414).

On December 17, 2013, the Ninth Circuit Court of Appeals denied Defendant Sua's request for a certificate of appealability. (ECF No. 416).

On September 29, 2014, Defendant Sua, proceeding pro se, filed with the District Court a MOTION FOR REDUCTION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. 3582(c)(2) along with an Affidavit in Support of his Motion. (ECF Nos. 417, 418).

On October 10, 2014, the District Court issued an Order holding Defendant's Motion in Abeyance until the Proposed Amendments to the United States Sentencing Guidelines were approved on November 1, 2014. (ECF No. 419).

On November 12, 2014, the District Court issued a Minute

Order appointing the Federal Public Defender to assist Defendant with his Motion for Reduction of Sentence pursuant to Amendment 782 to the United States Sentencing Guidelines.  (ECF No. 420).

On February 24, 2015, Defendant, with the assistance of the Federal Public Defender, filed a MOTION FOR SENTENCE REDUCTION. (ECF No. 424).

On March 27, 2015, the Government filed the GOVERNMENT'S OPPOSITION TO MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 782. (ECF No. 426).

On April 10, 2015, Defendant filed a REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR SENTENCE REDUCTION.  (ECF No. 427).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry.  Dillon v. United States, 560 U.S. 817, 826-27 (2010).

**1.   Defendant's Sentencing Guidelines Were Lowered Pursuant to Amendment 782 to the United States Sentencing Guidelines**

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.  28 U.S.C. §§ 994(o),(u).  The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the Sentencing Commission to determine if the defendant is eligible for a reduction in sentence.  Dunn, 728 F.3d at 1155.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants.  U.S.S.G. §§ 1B1.10(d), (e)(1).  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Here, the Parties agree that Defendant Sua's sentencing guidelines have been lowered pursuant to Amendment 782 to the United States Sentencing Guidelines.  Defendant now has a total offense level of 36 with a criminal history category of IV for an amended guideline range of 262 to 327 months imprisonment.

**2.   A Reduction in Defendant Sua's Sentence is Warranted Considering the Sentencing Factors Set Forth in 18 U.S.C. § 3553(a)**

The second step in the sentence reduction inquiry requires the Court to consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); Dillon, 560 U.S. at 826-28.

The factors set forth in 18 U.S.C. § 3553(a) are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed;
(3) the kind of sentences available;
(4) the applicable category of offense committed by the defendant as set forth in the guidelines;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i).

Here, Defendant requests that the Court reduce his sentence from 336 months to 272 months as to each of Counts 1, 2, and 3. (Motion to Reduce Sentence at p. 5, ECF No. 424).

The Court finds that a reduction in Defendant's sentence to 272 months imprisonment is warranted. The reduction in Defendant's sentence is appropriate considering Defendant was only 22 years old at the time the offense was committed. Despite the Government's Opposition, a 272-month sentence is an appropriate sentence given the nature and circumstances of Defendant's drug trafficking offenses and his criminal history.

Reducing Defendant's sentence to 272 months imprisonment is consistent with the United States Sentencing Commission's policy to lower the sentences of previously convicted individuals based on the quantity of drugs involved.

The Government asserts that a sentence reduction is not appropriate based, in part, on Defendant Sua's post-conviction conduct pursuant to U.S.S.G. § 1B1.10 Commentary, Application Note 1, (B)(ii).  (Gov't Opp. at pp. 3-4, ECF No. 426).  The Government relies on Defendant's SENTRY Report that lists disciplinary incidents involving the Defendant while he has been incarcerated.  (SENTRY Report, attached as Ex. A to Def.'s Motion, ECF No. 424-1).

The Defendant concedes that he has had some difficulty in adjusting to life in prison, but explains that he has not been subject to any new criminal charges or convictions and has already faced appropriate sanctions for the incidents in the SENTRY Report by the Bureau of Prisons.  (Def.'s Motion at p. 5, ECF No. 424).  Defendant has also provided evidence that he has undergone drug treatment, educational classes, and participated in rehabilitative programming.  (See Inmate Education Data, attached as Ex. B to Def.'s Motion, ECF No. 424-2).

The Court finds that a reduction in Defendant's sentence is warranted given his amended sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a).

Defendant's Motion for Sentence Reduction (ECF No. 424) is **GRANTED**.

Defendant's sentence is reduced from 336 months to 272 months imprisonment as to each of Counts 1, 2, and 3 of the First Superseding Indictment, all terms to run concurrently.

## CONCLUSION

Defendant Sua's MOTION FOR SENTENCE REDUCTION (ECF No. 424) is **GRANTED**.

The Court reduces the sentence of Defendant Edward Sua from 336 months to 272 months of confinement as to each of Counts 1, 2, and 3 of the First Superseding Indictment, all terms to run concurrently.  All other aspects of Defendant's sentence remain unchanged.

The effective date of this Order is November 1, 2015.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 14, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

United States v. Edward Sua, Crim. No. 98-00411 HG-02; **ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION (ECF No. 424)**